IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| RICHARD A. CLARK and JENNIFER CLARK,<br><br>    Plaintiffs,<br><br>-vs-<br><br>RIVER METALS RECYCLING LLC and SIERRA INTERNATIONAL MACHINERY, LLC,<br><br>    Defendants. | **JURY TRIAL DEMANDED**<br>#3:15-CV-447-JPG-PMF |

## DEFENDANT SIERRA INTERNATIONAL MACHINERY, LLC'S THIRD PARTY COMPLAINT AGAINST F.LLI TABARELLI S.p.A., BECKENHOUSE TRADING, LTD, CLARK SALVAGE YARD, LLC AND THORTON AUTO CRUSHING, LLC

Now comes Defendant, Sierra International Machinery, LLC, by and through its attorneys, Hoagland, Fitzgerald, & Pranaitis, and for its Third Party Complaint against Third Party Defendants, F.LLI Tabarelli S.p.A., Beckenhouse Trading, LTD, Clark Salvage Yard, LLC, and Thorton Auto Crushing, LLC, states as follows:

COUNT I-CONTRIBUTION
Directed at F.LLI Tabarelli S.p.A.

    1.    The Plaintiffs have filed their Complaint (Doc. 1-1) in which they allege in Count II and Count IV that Defendant Sierra International Machinery, LLC is liable in strict liability.

    2.    Defendant Sierra International Machinery, LLC, has denied that it is liable to the Plaintiffs and will continue to do so. Defendant states alternatively, however, that if

this Defendant is found liable to Plaintiffs, this Defendant is entitled to contribution against F.LLI. Tabarelli S.p.A.

3. The baler identified in Plaintiffs' Complaint was purchased from Beckenhouse Trading Ltd, located at Unit 1E, Block 71, The Plaza, Park West Business Park, Nango Rd., Dublin, Ireland.

4. The baler identified in Plaintiffs' Complaint was manufactured by F.LLI Tabarellia S.p.A. located at Via Carlo Alberto dalla Chiesa 2 37060 Verona, Italy.

5. Sierra International Machinery, LLC had no control over the design or manufacture of the baler, provided no instructions or warnings to the manufacturer relative to the alleged defect in the product that is alleged to have caused the Plaintiffs' injuries, and did not create the alleged defect in the product alleged to have caused the Plaintiffs' injuries.

6. Sierra International Machinery, LLC made no modifications or alterations to the product alleged to have caused the Plaintiffs' injuries.

7. That at the time of the alleged occurrence, there was in full force and effect in the State of Illinois a certain statute known as the Joint Tortfeasor Contribution Act.

8. If, as Plaintiffs allege in Counts II and IV of their Complaint, the equipment was in an unreasonably dangerous condition, then F.LLI Tabarellia S.p.A. was the party responsible for the creation of the unreasonably dangerous condition and this Defendant is entitled to contribution against F.LLI Tabarellia S.p.A. for any judgment based against Sierra International Machinery, LLC on such claims.

WHEREFORE, Sierra International Machinery, LLC prays that if Plaintiffs have a judgment against it, that it be granted judgment over and against F.LLI Tabarellia

S.p.A. for such amount as represents the percentage of fault for F.LLI Tabarellia S.p.A. which caused or otherwise contributed to Plaintiffs' injuries.

COUNT II-INDEMNITY
Directed at F.LLI Tabarelli S.p.A.

1. Sierra Machinery, LLC repeats and re-alleges paragraph one of Count I as and for paragraph one of Count II.

2. Defendant Sierra International Machinery, LLC, has denied that it is liable to the Plaintiffs and will continue to do so. Defendant states alternatively, however, that if this Defendant is found liable to Plaintiffs, this Defendant is entitled to indemnity against F.LLI. Tabarelli S.p.A.

3-6. Sierra International Machinery, LLC repeats and re-alleges paragraphs three through six of Count I as and for paragraphs three through six of Count II.

7. After purchasing the equipment referenced in Plaintiffs' Complaint, Sierra International Machinery, LLC retailed and sold the equipment to Tri-State Industries.

8. If, as Plaintiffs allege in Counts II and IV of their Complaint, the equipment was in an unreasonably dangerous condition, then F.LLI Tabarellia S.p.A. was the party responsible for the creation of the unreasonably dangerous condition and this Defendant is entitled to indemnity against F.LLI Tabarellia S.p.A. for any judgment based against Sierra International Machinery, LLC on such claims.

WHEREFORE, Sierra International Machinery, LLC, prays that if Plaintiffs are granted judgment against it, that Sierra International Machinery, LLC be granted judgment for 100% indemnity over and against F.LLI. Tabarelli S.p.A. for the amount of

the judgment, if any, attorneys' fees, costs and other such relief as the Court may deem just and appropriate.

## COUNT III-CONTRIBUTION
### Directed Against Beckenhouse Trading, LTD

1-7. Sierra International Machinery, LLC repeats and re-alleges paragraphs one through seven of Count I as and for paragraphs one through seven of Count III.

8. If, as Plaintiffs allege in Counts II and IV of their Complaint, the equipment was in an unreasonably dangerous condition, then such condition existed at the time Sierra International Machinery, LLC purchased the equipment from Beckenhouse Trading, LTD and Beckenhouse Trading, LTD is the party responsible for the creation of the unreasonably dangerous condition and this Defendant is entitled to contribution against Beckenhouse Trading, LTD for any judgment based against Sierra International Machinery, LLC on such claims.

WHEREFORE, Sierra International Machinery, LLC. prays that if Plaintiffs have a judgment against it, that it be granted judgment over and against Beckenhouse Trading, LTD for such amount as represents the percentage of fault for Beckenhouse Trading, LTD which caused or otherwise contributed to Plaintiffs' injuries.

## COUNT IV-INDEMNITY
### Directed at Beckenhouse Trading, LTD

1. Sierra International Machinery, LLC repeats and re-alleges paragraph one of Count I as and for paragraph one of Count IV.

2. Defendant Sierra International Machinery, LLC, has denied that it is liable to the Plaintiffs and will continue to do so. Defendant states alternatively, however, that

if this Defendant is found liable to Plaintiffs, this Defendant is entitled to indemnity against Beckenhouse Trading, LTD.

3-7. Sierra International Machinery, LLC repeats and re-alleges paragraph three through seven of Count II as and for paragraphs three through seven of Count IV.

8. If, as Plaintiffs allege in Counts II and IV of their Complaint, the equipment was in an unreasonably dangerous condition, then such condition existed at the time Sierra International Machinery, LLC purchased the equipment from Beckenhouse Trading, LTD and Beckenhouse Trading, LTD is the party responsible for the creation of the unreasonably dangerous condition and this Defendant is entitled to indemnity against Beckenhouse Trading, LTD for any judgment based against Sierra International Machinery, LLC on such claims.

WHEREFORE, Sierra International Machinery, LLC, prays that if Plaintiffs are granted judgment against it, that Sierra Machinery, LLC be granted judgment for 100% indemnity over and against Beckenhouse Trading, LTD for the amount of the judgment, if any, attorneys' fees, costs and other such relief as the Court may deem just and appropriate.

### COUNT V-CONTRIBUTION
### Directed at Thorton Auto Crushing, LLC

1. Plaintiffs have filed a Complaint (Doc. 1-1) against Sierra International Machinery, LLC in which Plaintiffs allege that Plaintiff, Richard A. Clark, was injured during the course of his employment with Thorton Auto Crushing, LLC.

2. That at said time and place alleged in Plaintiffs' Complaint, Thorton Auto Crushing, LLC, committed one or more of the following acts or omissions of negligence:

      (a)     Failed to provide a safe working place for the Plaintiff;

      (b)     Failed to properly train the Plaintiff to safely work around the machinery and equipment referenced in Plaintiffs' Complaint;

      (c)     Failed to inspect the equipment and machinery Plaintiff was assigned to work with and/or around for hazards;

      (d)     Failed to supervise the Plaintiff to be sure he did not place himself in a position of danger relative to equipment and machinery he was assigned to work with and/or around.

3.     That one or more of the foregoing negligent acts or omissions on the part of the Thorton Auto Crushing, LLC was a proximate cause of the injuries and damages alleged by Plaintiffs.

4.     That at the time of the alleged occurrence, there was in full force and effect in the State of Illinois a certain statute known as the Joint Tortfeasor Contribution Act.

5.     That in the event that Sierra International Machinery, LLC is found liable to the Plaintiff, then Sierra International Machinery, LLC is entitled to contribution pursuant to the aforesaid statute against Thorton Auto Crushing, LLC.

WHEREFORE, Sierra International Machinery, LLC, prays that in the event it is found liable for the injuries suffered by Plaintiffs it be awarded a judgment in its favor and against Thorton Auto Crushing, LLC, based upon the relative percentages of fault, if any, between said parties, in accordance with the Illinois Joint Tortfeasor Contribution Act and subject to the limitations of the *Kotecki v. Cyclops Welding* Decision.

## COUNT VI-CONTRIBUTION
### Directed at Clark Salvage Yard, LLC

1. The Plaintiff has filed a Complaint (Doc. 1-1) against Sierra International Machinery, LLC in which Plaintiffs allege that Plaintiff, Richard A. Clark, was injured during the course of his employment for Clark Salvage Yard, LLC.

2. That the work was being performed by Plaintiff at Clark Salvage Yard, LLC.

3. That at said time and place, Clark Salvage Yard, LLC committed one or more of the following acts or omissions of negligence:

    (a) Failed to provide a safe working place for the Plaintiff.

4. That one or more of the foregoing negligent acts or omissions on the part of Clark Salvage Yard, LLC was a proximate cause of the injuries and damages alleged by Plaintiff.

5. That at the time of the alleged occurrence, there was in full force and effect in the State of Illinois a certain statute known as the Joint Tortfeasor Contribution Act.

6. That in the event that Sierra International Machinery, LLC is found liable to the Plaintiff, then Sierra International Machinery, LLC is entitled to contribution pursuant to the aforesaid statute against Clark Salvage Yard, LLC.

WHEREFORE, Sierra International Machinery, LLC, prays that in the event it is found liable for the injuries suffered by Plaintiffs it be awarded a judgment in its favor and against Clark Salvage Yard, LLC based upon the relative percentages of fault, if any, between said parties, in accordance with the Illinois Joint Tortfeasor Contribution Act.

**JURY TRIAL DEMANDED**

HOAGLAND, FITZGERALD & PRANAITIS

BY:   */s* David A. Schott
SCOTT D. BJORSETH, #06203776
DAVID A. SCHOTT, #06288583
P.O. Box 130
Alton, IL  62002
(618) 465-7745
(618) 465-3744 (FAX)
scottb@il-mo-lawfirm.com
dschott@il-mo-lawfirm.com
**Attorneys for Sierra International Machinery, LLC**

## CERTIFICATE OF SERVICE

**The undersigned attorney hereby certifies that on February 4, 2015, the foregoing was filed electronically with the Clerk of United States District Court, Southern District of Illinois, to be served by operation of the Court's CM/ECF System.**

HOAGLAND, FITZGERALD & PRANAITIS

BY:   */s* David A. Schott
SCOTT D. BJORSETH, #06203776
DAVID A. SCHOTT, #06288583
P.O. Box 130
Alton, IL  62002
(618) 465-7745
(618) 465-3744 (FAX)
scottb@il-mo-lawfirm.com
dschott@il-mo-lawfirm.com
**Attorneys for Sierra International Machinery, LLC**