IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD A. CLARK and JENNIFER CLARK, <br><br>    Plaintiffs,<br><br>vs.<br><br>RIVER METALS RECYCLING, LLC, and SIERRA INTERNATIONAL MACHINERY, LLC,<br><br>    Defendants,<br>_____<br><br>SIERRA INTERNATIONAL MACHINERY, LLC,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>BECKENHOUSE TRADING, LTD, CLARK SALVAGE YARD, LLC, F.LLI TABARELLI S.p.A. and THORTON AUTO CRUSHING, LLC,<br><br>    Third-Party Defendants. | Case No. 15-cv-00447-JPG-RJD |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant River Metals Recycling, Inc.'s ("River Metals") Motion (Doc. 85) for Summary Judgment. Plaintiffs filed a timely response (Doc. 86) and River Metals filed Motion (Doc. 89) for Leave to File Reply Out of Time. Also before the Court is defendant/third-party plaintiff Sierra International Machinery, LLC's ("Sierra") Motion (Doc. 87) for Joinder in Plaintiffs' Response to defendant River Metals' Motion for Summary Judgment.

1. **Background.**

This matter was initially filed in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois and removed to this Court based on diversity. The complaint (Doc. 1-1) alleges that the plaintiff Richard A. Clark was an employee of Thornton Auto Crushing, LLC when he was refiling the hydraulic fluid on Sierra International Machinery car logger/baler[1] ("baler") when he slipped and fell. Plaintiffs allege that the baler was defective and had an unreasonably dangerous condition that caused plaintiff Richard Clark to fall and resulted in his injuries. The complaint further alleges that River Metals was the owner of the baler and that Sierra was also the owner and/or lessor of the baler.

2. **Standard**.

   a. **Motion for Leave to File Reply Out of Time.**

Local Rule 7.1 states that reply briefs, in any, shall be filed within 14 days of the service of a response. It also states that reply briefs are not favored and should be filed only in exceptional circumstances and that the party filing the reply brief shall state the exceptional circumstances. Plaintiffs filed their response on April 13, 2017 and River Metals' reply was due on or before April 28, 2017.

There are no exceptional circumstances stated within the reply that would justify the delay in replying. The motion for leave only states that, "[i]n light of concession by the plaintiff that this case involves only strict products liability against River Metals, movant has prepared its Reply." (Doc. 89 at 1). The plaintiffs' "concession" was clear in its response and a reply, if any, should have been prepared within the time allotted.

---

[1] It appears from plaintiff Richard Clark's testimony that a car logger/baler is a machine that crushes automobiles into scrape metal. *See* Deposition of Richard Clark, Doc. 85-1 at 15.

As such, River Metals' Motion (Doc. 89) for Leave to File Reply Out of Time is denied. River Metals may still file a dispositive motion, if appropriate, prior to the dipositive motion deadline set forth in the amended scheduling order (Doc. 73).

**b. Motion for Summary Judgment**.

Summary judgment must be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings, but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

Finally, "[i]t is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). As this court is exercising jurisdiction based on diversity, it will apply Illinois substantive law and federal procedural law.

3. **Analysis**.

River Metals moves for summary judgment stating that, "upon the language of the complaint, it appears that Plaintiffs are alleging (1) negligent design; and (2) negligent failure to warn of a dangerous condition." (Doc. 85 at 2). Because River Metals did not design, manufacture, or modify the baler, it is their position that River Metals is, "not responsible for injuries sustained to Plaintiff from alleged design defects." (Doc. 85 at 2). River Metals further argues that the condition of the baler was open and obvious and therefore, River Metals had no duty to warn the plaintiff of an open and obvious condition.

Plaintiffs argue, and defendant Sierra joins, that the complaint does not allege negligent nor does it allege a failure to warn. According to the plaintiffs, the complaint alleges strict liability against River Metals with regard to plaintiff Richard Clark and loss of consortium[2] with regard to plaintiff Jennifer Clark.

> It has since been well established that to recover in a strict product liability action, a plaintiff must plead and prove that the injury complained of resulted from a condition of the product, that the condition was unreasonably dangerous, and that it existed at the time the product left the manufacturer's control. *Sollami v. Eaton,* 201 Ill.2d 1, 7, 265 Ill.Dec. 177, 772 N.E.2d 215 (2002). A product may be found to be unreasonably dangerous based on proof of any one of three conditions: a physical defect in the product itself, a defect in the product's design, or a failure of the manufacturer to warn of the danger or to instruct on the proper use of the product.

*Mikolajczyk v. Ford Motor Co.*, 901 N.E.2d 329, 335 (Ill. 2008), *opinion modified on denial of reh'g* (Dec. 18, 2008)

In the complaint, the plaintiffs plead that the plaintiff Richard Clark's injuries were caused by falling off the baler as a result of a defective and unreasonably dangerous condition in that the baler lacked an adequate platform and/or handrails in order to perform routine maintenance. According to the complaint, the defective and unreasonably dangerous condition existed at the time it left the possession and control of the defendant. As such, they are alleging either a physical defect in the product itself and/or its design. There is no mention within the complaint of a failure to warn or a failure of the defendant to properly train Richard Clark. The plaintiffs have properly plead a strict liability claim.

River Metals claims that the plaintiffs have plead negligence; however, "[t]o state a negligence claim under Illinois law, 'the plaintiff must establish that the defendant owed a duty

---

[2] Plaintiff Jennifer Clark's loss of consortium claim is contingent upon the strict liability claim.

of care, that the defendant breached that duty, and that the plaintiff incurred injuries proximately caused by the breach.'" *Johnson v. Wal-Mart Stores, Inc.*, 588 F.3d 439, 441 (7th Cir. 2009)(citing *Espinoza v. Elgin, Joliet & E. Ry. Co.,* 165 Ill.2d 107, 208 Ill.Dec. 662, 649 N.E.2d 1323, 1326 (1995)).

There is not a single allegation within the complaint that River Metals owed a duty of care, that it breached that duty, or that the plaintiff Richard Clark's injuries resulted from such a breach. River Metals states that, "[i]t is unclear from the face of the Complaint whether the precise cause of action alleged is negligent manufacture and design, negligent failure to warn, or both." (Doc. 85). This matter was filed almost two years ago on April 22, 2015, and has proceeded through the pleadings and discovery phases. If River Metals was unclear of claim alleged, it should have sought clarification during the initial stages of this litigation.

Under Illinois law, a lessor can be held responsible under a strict liability theory.

> A lessor is subject to strict liability because his position in the "overall producing and marketing enterprise" (42 Ill.2d 339, 344, 247 N.E.2d 401) is no different from that of a seller. Typically, the commercial lessor is within the original chain of distribution and reaps a profit by placing a product in the stream of commerce. At the point in the chain of distribution where the product passes through the hands of the lessor, he becomes as capable as a seller to prevent a defective product from proceeding through the steam of commerce.

*Crowe v. Pub. Bldg. Commn. of Chicago*, 383 N.E.2d 951, 953 (Ill. 1978).

River Metals acquired the baler and leased it to third-party defendant Thornton Auto Crushing, LLC – plaintiff Richard Clark's employer. Therefore, as a lessor, River Metals can be held responsible under a strict liability theory and is not entitled to summary judgment as a matter of law.

Next, River Metals argues that it is, "not responsible for injuries sustained by Plaintiff which occurred as a result of the open and obvious condition of falling from an approximately five-foot-tall machine." (Doc. 85 at 2). River Metals states, "[c]onditions involving heights, or more specifically fall hazards, are considered open and obvious and as such, under the facts in this case, there is no duty to warn. Therefore, Movant did not owe a duty to Plaintiff and is not liable for negligent failure to warn." (Doc. 85 at 7).

Again, there is not a single allegation with regard to River Metals' failure to warn within the complaint and the plaintiffs are correct that "[d]efendant River Metals is not entitled to summary judgment on a claim not raised by the Complaint." (Doc. 86 at 3). Plaintiffs have plead strict liability and "[i]n strict products liability cases, the open and obvious nature of the risk is just one factor to be considered in the range of considerations required by the risk-utility test, and it will only serve to bar the liability of the manufacturer where it outweighs all other factors to be considered in weighing the inherent design risks against the utility of the product as manufactured." *Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 259 (Ill. 2007).

4. **Conclusion**.

Based on the foregoing, defendant/third-party plaintiff Sierra International Machinery, LLC's Motion (Doc. 87) for Joinder in Plaintiffs' Response to defendant River Metals' Motion for Summary Judgment is **GRANTED**. River Metals' Motion (Doc. 89) for Leave to File Reply Out of Time is **DENIED** and Defendant River Metals Recycling, Inc.'s Motion (Doc. 85) for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 5/9/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**