# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD A. CLARK and JENNIFER CLARK, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 3:15 CV 447 JPG/RJD |
| RIVER METALS RECYCLING, LLC, and SIERRA INTERNATONAL MACHINERY, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for an Extension of Time to Respond to Defendant Sierra International Machinery, LLC's Motion for Summary Judgment and the discovery dispute conference held on July 24, 2017. (Docs. 102, 115.) On February 26, 2015, Plaintiffs commenced this products liability action in the Circuit Court of St. Clair County, Illinois, and Defendants removed this action to this Court. (Doc. 1.) On June 5, 2017, Defendant Sierra International Machinery, LLC, ("Sierra") filed a motion for summary judgment. (Doc. 93.) Discovery closed on June 15, 2017. (Doc. 73.)

On July 10, 2017, Plaintiffs filed the instant motion for an extension of time to respond to Defendant Sierra's motion for summary judgment for the purpose of conducting additional discovery. (Doc. 102). Relatedly, on July 24, 2017, at Plaintiffs' request, the Court held a discovery dispute conference in which Plaintiffs suggested that Defendant Sierra provided deliberately false responses during the course of discovery. Specifically, Plaintiffs argue that

Defendant Sierra intentionally concealed its involvement in the assembly of the product at issue.

Defendant Sierra replies that it responded to all discovery thoroughly and truthfully.

To demonstrate Defendant Sierra's intentional concealment, Plaintiffs highlight two examples. First, Plaintiffs point to Defendant Sierra's response to an interrogatory:

> **2.  Please state if Defendant designed or manufactured a product known as Sierra International Machinery LLC 2006 model number RB6000 car logger/baler serial #12510.  If so, state when Defendant would have manufactured such a product.**
>
> Answer: No.  This machine was manufactured in Italy by Tabarelli.  It was imported by Sierra International Machinery, LLC and sold to Tri-State Industries in Paducah, KY.

(Doc. 107 at 33.)

Plaintiffs also point to the deposition transcript of Antonio Torres, corporate representative for Defendant Sierra:

> **Q:  All right.  And other than taking photographs and we've talked about how they – well first tell me this.  How does the machine get to the site?**
>
> A:  It is towed there by a truck.
>
> **Q:  And where does it come, where is it towed from?  Where are they manufactured?**
>
> A:  Right now in Georgia.
>
> **Q: Okay.  And in 2006 was that, do you know?**
>
> MR. SOCOLOW:  Colleen, I think he wants to correct his answer where the machine is manufactured.
>
> **Q: Sure.**
>
> A:  Can I, yeah, can I do that?
>
> **Q: Yes.**
>
> A:  The machine is manufactured in Italy.

2

**Q: Oh, it's manufactured – okay. Then is it distributed out of Georgia, is that where's put on a truck to be delivered to the customer?**

A: Currently yes.

(Doc. 107 at 109-10.)

The ambiguous terminology used by the parties rests at the center of this dispute. The focus of this action is a product sold by Defendant Sierra for use in automotive recycling, and, specifically, the RB6000 model ("the Product"). The Product consists of three primary components: (1) a baler and (2) a crane, which sit on top of (3) a trailer. Plaintiffs represent that they understood the term "baler" to encompass the Product as a whole, while Defendant Sierra represents that it understood the term as referring to solely the baler component of the Product. This misunderstanding was revealed when Plaintiffs reviewed Defendant Sierra's production of documents while preparing their response to the motion for summary judgment. Plaintiffs realized that questions remained about the trailer component, and Defendant Sierra later confirmed that, contrary to Plaintiffs' understanding of the Product's path through the supply chain, it attached the trailer to the other components.

The parties also failed to reach a consensus on the definition of "manufacture." The principal verb in each of Plaintiff's examples is "manufacture," which is defined as "to make into a product suitable for use" or "to take from raw materials by hand or by machinery." Merriam Webster, https://www.merriam-webster.com/dictionary/manufacture (last visited August 10, 2017); *see also* Dictionary.com, http://www.dictionary.com/browse/manufacture (last visited August 10, 2017). Plaintiffs note that Illinois law considers assembly to be a form of manufacturing. Although this suggests that the omission regarding the attachment of the trailer to the baler was material, the contrast between the legal definition and the plain language definition of the term also underscores the ambiguous nature of the questions posed by Plaintiffs.

3

Based on the foregoing, the Court finds that Defendant Sierra should have disclosed the attachment of the trailer but failed to do so.  In so finding, the Court considers that Defendant Sierra provided a detailed response to Plaintiffs' interrogatory about the Product's manufacture and design but omitted a material fact that would have been similarly responsive – the attachment of the trailer.  The misleading nature of Defendant Sierra's discovery responses should have been apparent at Torres' deposition, which provided an opportunity for clarification that Defendant Sierra did not take.  However, in light of the ambiguous terminology, the Court cannot find that Defendant Sierra intentionally concealed or misrepresented this information.  The Court also finds that Plaintiffs could have raised this issue prior to the close of discovery.  As set forth above, Plaintiffs recognized the material omission as they reviewed Defendant Sierra's production of documents while preparing their response to the motion for summary judgment, and Plaintiffs have offered no explanation for failing to recognize the omission before the discovery deadline.

To remedy this omission, Plaintiff's Motion for an Extension of Time to Respond to Defendant Sierra International Machinery, LLC's Motion for Summary Judgment (Doc. 102) is GRANTED in part and DENIED in part.  Plaintiffs are granted leave to conduct limited discovery on the trailer and the assembly of the Product.  Specifically, Plaintiffs may serve one round of written discovery on Defendant Sierra and may conduct one deposition.  Discovery must be completed by October 18, 2017.  The Court also DENIES as MOOT Defendant Sierra's Motion for Summary Judgment (Doc. 93) with leave to refile after the close of discovery.  A separate order amending the scheduling order will follow.

**SO ORDERED.**

**DATED:  August 15, 2017**                              *s/      Reona J. Daly*
                                                         UNITED STATES MAGISTRATE JUDGE