# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD A. CLARK and JENNIFER CLARK, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 3:15 CV 447 JPG/RJD ) |
| RIVER METALS RECYCLING, LLC, and SIERRA INTERNATONAL MACHINERY, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant Sierra International Machinery, LLC's Motion for Protective Order, Plaintiff's Motion to Redepose Antonio Torres, Plaintiff's Emergency Motion to Compel, and the discovery dispute conferences held on September 11, 2017 and September 27, 2017. (Docs. 123, 129, 131, 134, 141.) On February 26, 2015, Plaintiffs commenced this products liability action in the Circuit Court of St. Clair County, Illinois, and Defendants removed this action to this Court. (Doc. 1.) The parties proceeded through the discovery stage, which closed on June 15, 2017. (Doc. 73.) On August 15, 2017, on Plaintiffs' motion, the Court reopened discovery on a limited basis, allowing Plaintiffs to seek additional information on the trailer and the assembly of the RB6000 model ("the Product"), consisting of one round of written discovery and one deposition. (Docs. 118, 119.)

On August 28, 2017, Defendant Sierra International Machinery, LLC ("Sierra"), moved for a protective order regarding the notice of corporate representative deposition served by Plaintiffs. (Doc. 123.) On September 8, 2017, Plaintiffs moved to redepose Antonio Torres.

(Doc. 129.) On September 11, 2017, the Court held a discovery dispute conference and heard argument. (Doc. 131.) On September 22, 2017, Plaintiffs filed an emergency motion to compel, requesting that Defendant Sierra be ordered to respond to certain interrogatories by September 29, 2017 and further requesting an additional two hours for the corporate representative deposition. (Doc. 134.) On September 27, 2017, the Court held a discovery dispute conference and heard argument. (Doc. 141.)

**Motion for Protective Order**

Defendant generally argues that many of the deposition topics proposed by Plaintiffs exceed the scope of limited discovery and object to the deposition topics that seek information related to the RB5000 model – another product sold by Defendant. For instance, Plaintiffs state:

> 5. The witness will be expected to answer questions about RB6000 terminology and when Better Built started providing trailers to be used on Sierra RB6000 and RB5000 trailers, and the process involved wherein Better Built or some other manufacturer, if such occurred in the course of business, would be chosen to build trailers for RB6000 and RB5000 "Balers".

Defendant Sierra argues that the RB5000 model is a different model and does not relate to the trailer or the assembly of the RB6000 model. Although the RB5000 and RB6000 models are not identical, they are similar products mounted on trailers, and the deposition topics imply that the trailers for both products came from a single entity. The Court finds that the information related to the RB5000 models as requested may be relevant and falls within the limited scope of discovery.

Defendant Sierra also objects to the deposition topics regarding Tabarelli's acceptance of Defendant Sierra's defense in this case. Plaintiffs argue that they seek to discover the real party in interest and note discrepancies with regard to the holder of the operative products liability insurance policy. Specifically, the declaration page of the policy indicates that the policy holder

2

is Tabarelli, but Defendant Sierra has represented that Idromec, a subsidiary of Tabarelli, is the policy holder. Defendant Sierra explains that the discrepancy is the result of inadvertent errors; that the distinction is, for purposes of this action, insignificant; and that Tabarelli is the policyholder.

Defendant also argues that the deposition topic is irrelevant and outside the scope of discovery. Plaintiffs respond that the topic is relevant because they need to know the extent of Defendant or defense counsel's relationship with Idromec and Tabarelli and imply that Defendant has access to additional information regarding design of the RB6000 model or components thereof from those entities. Although the relationship between Idromec, Tabarelli, and Defendant may be generally relevant, it does not fall within the limited scope of discovery as ordered by the Court. Accordingly, Defendant Sierra's objection to the deposition topics regarding Tabarelli's acceptance of Defendant Sierra's defense in this case is sustained.

At the discovery dispute conference, the Court resolved Defendant's objections on other topics raised in the motion for protective order. Plaintiffs agreed to limit the scope of topic relating to defendant's website to the RB6000 model and trailer. Defendant agreed to answer questions regarding John Sacco's affidavit and to identify its employees.

Accordingly, Defendant's Motion for a Protective Order is granted to the extent that Plaintiffs seek information related to Tabarelli's acceptance of Defendant Sierra's defense but denied in all other respects.

## Motion to Redepose Antonio Torres

Plaintiffs move to redepose Antonio Torres for the purpose of questioning him about his previous deposition testimony as well as the assembly of the RB6000 model and trailer. (Doc.

129.) The pertinent portion of Antonio Torres' testimony from the previous deposition is as follows:

> **Q: All right. And other than taking photographs and we've talked about how they – well first tell me this. How does the machine get to the site?**
>
> A: It is towed there by a truck.
>
> **Q: And where does it come, where is it towed from? Where are they manufactured?**
>
> A: Right now in Georgia.
>
> **Q: Okay. And in 2006 was that, do you know?**
>
> MR. SOCOLOW: Colleen, I think he wants to correct his answer where the machine is manufactured.
>
> **Q: Sure.**
>
> A: Can I, yeah, can I do that?
>
> **Q: Yes.**
>
> A: The machine is manufactured in Italy.
>
> **Q: Oh, it's manufactured – okay. Then is it distributed out of Georgia, is that where's put on a truck to be delivered to the customer?**
>
> A: Currently yes.

(Doc. 107 at 109-10.) Plaintiffs represent that Defendant Sierra and its counsel conspired to mislead Plaintiffs and that the purpose of a second deposition would be to discover evidence in support of a motion for sanctions. Notably, in a previous order, the Court found that Defendant Sierra responded to discovery requests in a misleading manner but that no evidence suggested that Defendant Sierra did so intentionally. (Doc. 118.) The Court reiterates that the scope of discovery is limited to the trailer and assembly of the RB6000 model, and the Court will not expand the scope of discovery to include an alleged conspiracy between an attorney and his

4

client without compelling evidence to support Plaintiffs' accusation. Moreover, to the extent that Plaintiffs seek information related to the trailer and the assembly of the RB6000 model from Antonio Torres, Plaintiffs offer no explanation as to why they cannot obtain such information at the corporate representative deposition.

Accordingly, Plaintiff's Motion to Redepose Antonio Torres is denied.

### Emergency Motion to Compel

Plaintiffs move to compel Defendant's answer to Interrogatory No. 8, which relates to the selection and manufacturing of the trailer component of the RB6000 model, by September 29, 2017, to allow them to prepare for the upcoming corporate representative deposition. Defendant responds that it will answer the interrogatory on September 28, 2017, following the corporate representative's return from vacation.

Plaintiffs further move to compel Defendant's answers to Interrogatories Nos. 6 and 7, which relate to the relationship between Tabarelli, Idromec, and defense counsel. As discussed previously herein, such inquiries fall outside the limited scope of discovery. Plaintiffs also request an additional two hours and another day to conduct the corporate representative deposition. The Court finds no good cause to extend the deposition, and Plaintiffs' request is denied. However, the Court will ensure its availability to the parties for the resolution of disputes throughout the duration of the deposition, which is currently set for October 3, 2017. The Court advises the parties that requests to extend the discovery deadline of October 19, 2017, are not likely to be granted.

Accordingly, Plaintiffs' Emergency Motion to Compel is denied.

## CONCLUSION

Based on the foregoing, Defendant Sierra International Machinery, LLC's Motion for Protective Order (Doc. 123) is GRANTED to the extent that Plaintiffs seek information related to Tabarelli's acceptance of Defendant Sierra's defense but denied in all other respects. Plaintiff's Motion to Redepose Antonio Torres (Doc. 129) and Plaintiff's Emergency Motion to Compel (Doc. 134) are DENIED.

**SO ORDERED.**

**DATED:  September 28, 2017**                     *s/      Reona J. Daly*
                                                   UNITED STATES MAGISTRATE JUDGE