IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD A. CLARK and JENNIFER CLARK, )<br><br>Plaintiffs, )<br><br>v. )<br><br>RIVER METALS RECYCLING and SIERRA INTERNATIONAL MACHINERY, LLC , )<br><br>Defendants. ) | Case No. 3:15-cv-447-JPG-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the following motions filed by Plaintiffs Richard Clark and Jennifer Clark:

1. Motion to Compel Supplemental Answer to Supplemental Interrogatory #8, or in the Alternative, to Reconsider the Court's Order of 9/28/2017 Denying Plaintiff's Emergency Motion to Compel (Doc. 146);

2. Motion to Compel Answer to Question Posed to Corporate Representative and to Compel Pursuant to Rule 37(a) (Doc. 154);

3. Motion for Additional Discovery to Respond to Defendant's Second Motion for Summary Judgment Pursuant to FRCP 56(d)(2) (Doc. 163);

4. Motion to Set Aside Order Closing Discovery (Doc. 166);

5. Motion to Compel Defendant Sierra Machinery, LLC to File a Non-Evasive Complete Supplemental Answer to Plaintiffs' Interrogatory #11 and a Supplemental Request for Production #7 (Doc. 172); and

6. Motion to Amend Relief Sought in Doc. 163, or in the Alternative, a Supplemental Motion for Additional Discovery Made Pursuant to FRCP 56(d)(2) (Doc. 175).

The motions have been fully briefed by the parties and the Court held a hearing on the same on January 11, 2018, wherein the parties proffered oral argument. For the reasons set forth below,

Plaintiffs' Motions are **DENIED**.

**Background**

This is a products liability action in which Plaintiff Richard Clark sustained injuries during the course of his employment with Thornton Auto Crushing. Clark alleges he slipped and fell while refilling hydraulic fluid on a Sierra International Machinery car logger/baler model number RB600, serial #125105 ("the Product"), due to a defective and unreasonably dangerous condition. In particular, Clark alleges the car logger/baler: (1) failed to provide adequate platform and/or area in which to provide known maintenance including refilling hydraulic fluid; and (2) failed to have handrails or area in which to hold onto while performing routine maintenance including refilling hydraulic fluid.

On August 15, 2017, the undersigned reopened discovery on a limited basis following the filing of summary judgment motions due to the failure of Defendant Sierra International Machinery, LLC ("Sierra") to disclose information concerning the attachment of the trailer to the baler (*See* Doc. 118). Plaintiffs were granted leave to conduct limited discovery on the trailer and assembly of the baler and trailer ("the Product") by way of one additional round of written discovery and one deposition.

Following the limited reopening of discovery, Plaintiffs filed the motions now before the Court. Plaintiffs seek certain discrete supplemental answers to their discovery requests and, more broadly, ask the Court to reopen discovery concerning the trailer at issue. The Court first addresses Plaintiffs' motions related to their broader request to reopen discovery.

**Motion for Additional Discovery (Doc. 163), Motion to Amend Relief Sought in Doc. 163 (Doc. 175), and Motion to Set Aside Order Closing Discovery (Doc. 166)**

In these motions, Plaintiffs set forth arguments to support alternative requests for relief that

ultimately amount to a request to reopen discovery so they may be allowed to ascertain information about the design of the trailer on which the baler was mounted.

Plaintiffs contend that Sierra misled them to believe it did not participate in the design of the trailer at issue. In support of this argument, Plaintiffs point to Sierra's response to their Interrogatory #11, set forth as follows:

> Plaintiffs' Interrogatory #11 (Doc. 151-1):
>
> Please identify the individual or individuals employed by the Defendant, who would have the most knowledge concerning the design, and/or configuration of the product referred to in the Plaintiffs' complaint, similar models or their prototypes.
>
> Defendant Sierra's Response:
>
> The individual who would have the most knowledge concerning the design or configuration of the product in question would be someone at Tabarelli in Italy.

Plaintiffs argue it is now apparent that Tabarelli was only involved in the design of the baler, which was ultimately attached to the trailer. Plaintiffs characterize Sierra's response as misleading as it failed to address the design of the trailer, which, they believe, is part of the product referred to in the Complaint.

The Court has already addressed this issue, which led to its order reopening discovery on a limited basis. In particular, the undersigned found that Sierra should have disclosed the attachment of the trailer, but failed to do so; however, Sierra's failure was not found to be intentional in light of the ambiguous terminology used by Plaintiffs. Plaintiffs' argument is not any more compelling than it was when the Court previously entered its ruling on this issue.

After conducting additional discovery as allowed by this Court, and undergoing some further investigation, Plaintiffs indicate that they have now discovered the trailer was purchased from Atlas Manufacturing Co., Inc. (*See* Doc. 156-3). Although the Court recognizes that the

Atlas document evidencing the purchase was only disclosed after discovery was reopened (*see* Doc. 129-1), such circumstance has minimal, if any, effect on this case. Sierra indicates that Atlas and Better Built are "sister corporations." According to Sierra, the trailer was designed and manufactured by Better Built and then Atlas sold the trailer to Sierra. Sierra contends that documents referencing the Better Built trailer were produced and available to Plaintiffs as early as October 2015 (*see* Doc. 168 at 26-43). Plaintiffs fail to address this point, focusing instead on their belief that Sierra misled them concerning its involvement in the design of the trailer. In particular, Plaintiffs argue that the manufacture of the trailer at issue was based on design drawings of Atoka Trailer Mfg. of Atoka, Oklahoma, which were provided to Atlas with input from Jose Pereyra, Sierra's Sales Manager. Plaintiffs believe the Atoka design drawings incorporated a change from the original design made by Idromec (*see* Doc. 157-3). This alleged change in design is the basis for Plaintiffs' motions insofar as they believe Sierra may have had a role in changing the width of the trailer from 90.75 inches to 96 inches. Plaintiffs allege this purported design change has significant implications in demonstrating a defective design.

Based on the evidence before the Court, it appears Plaintiffs' belief has no factual foundation. Jose Pereyra provided a sworn affidavit in which he explains that the information he provided to Atoka in connection with the design and manufacture of a trailer for the RB6000 baler consisted of information relating to the dimensions ("footprint") and weight, of the RB6000 baler (Doc. 178-2, ¶ 3). Significantly, Pereyra explains that the Idromec drawing produced in this case and relied on by Plaintiffs is a load of center diagram, not a drawing depicting the design of a trailer (Doc. 178-2, ¶ 6). Pereyra attests that the 90.75 inch dimension depicted on the drawing reflects the width of the RB6000 baler, and does not depict or reflect the front end of a trailer (*Id.*). Finally, Pereyra attests that regardless of the supplier, Sierra has always sold RB6000 balers that

are mounted on trailers with front platforms that are 96 inches wide (*Id.* at ¶ 5). Despite this attestation, and with no competent evidence to the contrary, Plaintiffs continue to assert that Sierra was involved in a design change with respect to the trailer at issue.

Plaintiffs filed three motions that, in effect, seek to reopen discovery. In particular, in their motions brought pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Plaintiffs argue they need additional discovery concerning the design and manufacture of the trailer prior to responding to Defendant Sierra's motion for summary judgment. Plaintiffs also ask the Court to reopen discovery for forty-five days to allow them to complete the depositions of those persons who have the most information concerning the manufacture and design of the trailer.

Rule 56(d) of the Federal Rules of Civil Procedure states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." The nonmoving party must make "a good faith showing that it cannot respond to the movant's affidavits." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058, n. 5 (7th Cir. 2000) (citing *United States v. All Assets and Equp. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995)).

Plaintiffs, in an apparent attempt to meet the requirements of Rule 56(d), have filed numerous affidavits (*see* Docs. 149-153, 155-161, 167, 169, 179-182, 185-186, 190-194) that append certain records or other evidence as attachments. It is not apparent to the Court, however which affidavits, in particular, Plaintiffs are relying on to meet the requirements of Rule 56(d). Notwithstanding the confusion concerning counsel's abundant affidavit filing, Plaintiffs have failed to demonstrate why they cannot respond to Defendant's motion for summary judgment without further discovery. Plaintiffs focus their argument on Sierra's failure to provide certain

clarity to their discovery responses that limited their ability to discover information concerning the trailer at issue and the purported trailer design change instituted or directed by Sierra. While mindful of Plaintiffs' arguments, they are unavailing. First, the Court has already addressed the issue concerning the adequacy of Sierra's discovery responses and the Court is not inclined to reconsider its decision. Plaintiffs were granted leave to conduct additional, limited discovery concerning the trailer and such discovery has been completed. Plaintiffs have failed to provide the Court with a convincing reason why further discovery is necessary, or why they should be entitled to it at this stage in the litigation. Moreover, Plaintiffs' persistence in their theory that Sierra was involved in a trailer design change has been refuted by the affidavit of Jose Pereyra. Although Plaintiffs may not have all of the discovery they would like concerning the trailer, it appears such circumstance could have been alleviated with more diligence while discovery was open and ongoing. Plaintiffs' request to reopen discovery at this juncture, therefore, is unduly delayed. For these reasons, Plaintiffs' Motion for Additional Discovery (Doc. 163), Motion to Amend Relief Sought in Doc. 163 (Doc. 175), and Motion to Set Aside Order Closing Discovery (Doc. 166) are **DENIED**.

### Motion to Compel Supplemental Answer to Supplemental Interrogatory #8, or in the Alternative, to Reconsider the Court's Order of 9/28/2017 Denying Plaintiff's Emergency Motion to Compel (Doc. 146)

Plaintiffs ask the Court to order Defendant Sierra to supplement its response to Supplemental Interrogatory #8. Plaintiffs' interrogatory (in relevant part) and Sierra's response are set forth as follows (Doc. 146-3):

Plaintiffs' Supplemental Interrogatory #8:

Please state how and by whom, information was, or had been provided to the manufacturer of the trailer as to the design and specifications for the said trailer, its price, and how, when and to whom the trailer in question, VIN#

4MNFK383361000949, was delivered by the manufacturer and the trailer's chain of custody and delivery from Better Built to assembly in the finished machine.

Defendant Sierra's Response:

Sierra objects to this interrogatory as vague and ambiguous. Without waiving its objection, Sierra identifies Steve Simmons, who will testify as Sierra's 30(b)(6) witness on October 3, 2017, as being potentially knowledgeable about the information sought by this interrogatory. With respect to the price of the Trailer, Sierra refers to Bates Nos. 452, and 458-460, copies of which have previously been produced, as containing information responsive to this interrogatory.

Defendant Sierra's Supplemental Response:

Sierra states as follows: (1) Sierra contacted Atlas Mfg. Co. to request a supply proposal to produce the RB6000 trailer. (2) Sierra obtained the RB6000 center of gravity load diagram from Idromec and provided the diagram to Atlas for the purpose of trailer design. (3) The trailer producer (in this case, Atlas) is responsible to design and build a trailer that, when the baler is attached, will meet DOT requirements. The manufacturer is permitted to issue and attach a VIN identification tag to the trailer. (4) Better Built Trailers is a sister company of Atlas Mfg. Co. Sierra also refers to Bates Nos. 471-480 as containing information responsive to this interrogatory.

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense and proportional to the needs of the case. Rule 33 allows parties to serve interrogatories inquiring into any matter within the scope of Rule 26(b). A party may seek an order compelling disclosure when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. FED. R. CIV. P. 37(a)(3)(B)(iii), (iv) & (a)(4). The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Plaintiffs assert that Sierra's responses fail to address who was the actual manufacturer of the trailer, whether the trailer was indeed manufactured by Better Built or whether the Better Built VIN# was in fact loaned to its sister company Atlas Mfg., and, if the trailer was manufactured by

Better Built, what documents Better Built relied on for its design.

Sierra stands on its supplemental response, asserting it was not evasive or non-responsive. Sierra argues that its response is sufficient insofar as it provided information and documents still available to, or known by, Sierra, particularly in light of the fact that the interrogatory asks for information about events that occurred over 12 years ago. The Court agrees. The Court finds Sierra has provided a complete response to Plaintiffs' Supplemental Interrogatory #8. Although Sierra may not have the precise information Plaintiffs seek, Sierra is not required to provide perfect information, only information that is available to it. *See Trane Co. v. Klutznick*, 87 F.R.D. 473, 476 (W.D. Wis., 1980). There is no indication that Sierra is withholding any additional information that is within its control. Accordingly, Plaintiff's Motion to Compel (Doc. 146) is **DENIED**.

### Motion to Compel Answer to Question Posed to Corporate Representative and to Compel Pursuant to Rule 37(a) (Doc. 154)

During the Rule 30(b)(6) deposition of Mr. Simmons on October 3, 2017, the following deposition testimony was taken concerning Exhibit B5 (see Doc. 154-1):

> Q: And Plaintiffs' Exhibit No. B5 is a picture of the ladder and a picture of the RB600 with the ladder so that workers will have an affixed ladder to walk up and they won't have to climb up.
>
> A: This is the RB6000S; that's correct.
>
> Q: … it's a machine that Sierra sold, isn't it?
>
> A: This is a machine that Sierra sold.
>
> Q: Do you know the name of the person in Spartanburg (who purchased the machine), without telling me their name?
>
> A: Yes
>
> Q: Would you tell me their name please.

Mr. Socolow (Sierra's attorney):   I'm going to direct the witness not to answer.

Plaintiffs ask the Court to direct Sierra to answer the question and provide the name of the purchaser of the machine.   Plaintiffs also ask the Court to compel Sierra to produce sales documents related to the sale, as well as a copy of the Operator Manual for the "baler" and to produce a copy of the trailer design documents for the trailer depicted in Exhibit B5.

Sierra objects to Plaintiffs' motion, arguing that the information sought is related to an RB6000S as opposed to an RB6000 and is beyond the scope of additional discovery allowed. Sierra explains that the RB6000S, unlike the RB6000, is fully assembled in, and sent on a trailer from Italy and is not reassembled by Sierra when it reaches the United States.   Sierra further explains that the RB6000S in question was sold in 2014 and, as such, the purchaser has no relevance to Plaintiffs' case regarding a fall that occurred in 2013 on an RB6000 sold in 2006. Finally, Sierra indicates it has already produced a copy of the Operator's Manual for the RB6000S.

Plaintiffs have failed to establish that the information they seek is both relevant and proportional to the needs of this case.   FED. R. CIV. P. 26(b)(1).   Further, as Sierra argues, said information is beyond the limited discovery that was allowed by the Court.   Accordingly, Plaintiff's Motion to Compel (Doc. 154) is **DENIED**.

### Motion to Compel Defendant Sierra Machinery, LLC to File a Non-Evasive Complete Supplemental Answer to Plaintiffs' Interrogatory #11 and a Supplemental Request for Production #7 (Doc. 172)

Plaintiffs ask the Court to order Defendant Sierra to supplement its response to Plaintiffs' Interrogatory #11 and Production Request #7.   Plaintiffs' Interrogatory #11 and Production Request #7, and Sierra's responses thereto are set forth as follows:

Plaintiffs' Interrogatory #11 (Doc. 151-1):

Please identify the individual or individuals employed by the Defendant, who

would have the most knowledge concerning the design, and/or configuration of the product referred to in the Plaintiffs' complaint, similar models or their prototypes.

Defendant Sierra's Response:

The individual who would have the most knowledge concerning the design or configuration of the product in question would be someone at Tabarelli in Italy.

Defendant Sierra's Supplemental Response (Doc. 151-2):

With respect to the Baler, the individual who would have the most knowledge concerning the design or configuration of this product would be someone at Tabarelli in Italy. To the extent this question relates to the Trailer, Defendant believes someone at Better Built would have this information. Sierra identifies Antonio Torres and Steve Simmons on its behalf.

Plaintiffs' Production Request #7:

If any of the items requested are claimed to be not in the possession of the defendant or defendant's attorney, family or agents, please advise as to the location of said items.

Defendant Sierra's Supplemental Response:

Sierra understands that Defendant River Metals Recycling has the Baler, and the Trailer on which the Baler is mounted, at its yard in Paducah, Kentucky.

Plaintiffs reiterate much of their argument for reopening discovery in support of their motion to compel, asserting Sierra's responses were misleading and incomplete. In light of the Court's previous findings, the Court finds Sierra's responses adequate and declines to require any supplementation. Accordingly, Plaintiff's Motion to Compel (Doc. 172) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 22, 2018**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**