IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD A. CLARK and JENNIFER CLARK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:15-cv-447-JPG-RJD |
| RIVER METALS RECYCLING, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant Sierra International Machinery, LLC's Motion for Protective Order as to Location of Depositions, Topics of Inquiry 1, 2, 15, 19, 22(d) and 22(e) and Request for Production of Documents 16, 17, 23, 29, 31, and 34 (Doc. 226). On April 30, 2018, the undersigned denied Sierra's motion to the extent it sought a protective order concerning the location of depositions for its 30(b)(6) corporate representative and employee Antonio Torres (Doc. 231). In that Order, the undersigned took the remainder of Sierra's motion under advisement. The Court now sets forth its rulings as follows.

1. **30(b)(6) Topic #1**

Sierra's motion for a protective order on 30(b)(6) Topic #1 is **DENIED**. Defendant Sierra shall produce a corporate representative who can testify concerning Topic #1. The Court finds that Mr. Torres was not previously deposed as a 30(b)(6) corporate representative and there is no documentation indicating that a corporate representative was previously required to be prepared to testify as to such topic or provided testimony concerning this topic.

2. **30(b)(6) Topic #2**

   Sierra's motion for a protective order on 30(b)(6) Topic #2 is **GRANTED**. The Court finds Plaintiffs' topic request overbroad, not relevant to the claims in this lawsuit, and not proportional to the needs of the case.

3. **30(b)(6) Topic #15**

   Sierra's motion for a protective order on 30(b)(6) Topic #15 is **GRANTED**. The Court finds Plaintiffs' topic request overbroad, not relevant to the claims in this lawsuit, and not proportional to the needs of the case.

4. **30(b)(6) Topic #19**

   Sierra's motion for a protective order on 30(b)(6) Topic #19 is **GRANTED**. The Court agrees with Sierra that this topic request seeks testimony beyond the bounds of Rule 30(b)(6) insofar as the information sought is not clearly "known or reasonably available" to Sierra.

5. **30(b)(6) Topics #22(d) and #22(e)**

   Sierra's motion for a protective order on 30(b)(6) Topics #22(d) and (e) is **GRANTED**. The Court agrees with Sierra that these topic requests seek testimony beyond the bounds of Rule 30(b)(6) insofar as the information sought is not clearly "known or reasonably available" to Sierra. The Court is also not convinced that such testimony is relevant or proportional to the needs of this case.

6. **30(b)(2) and Rule 34 Requests for Production of Documents at the Rule 30(b)(6) deposition**

   In response to Sierra's motion for protective order, Plaintiffs indicate that the production requests have been satisfied aside from the request for Pererya's emails and affidavit drafts (#31). Sierra provided a privilege log concerning the same and Plaintiffs ask the Court to examine the

documents *in camera*. Plaintiffs are interested to see if Pererya, in his draft affidavit, indicated that Sierra and/or Atoka were the originator of the "mobile" Recycling Balers. Sierra's motion for a protective order is **GRANTED** with respect to Request 31 and **FOUND AS MOOT** with respect to any other document requests. The documents Plaintiffs seek in Request 31 are protected by attorney-client privilege and/or the work product doctrine and, therefore, are outside the bounds of Rule 26(b).

For the foregoing reasons, Defendant Sierra's Motion for Protective Order (Doc. 226) is **GRANTED IN PART, DENIED IN PART, and FOUND MOOT IN PART**.

**IT IS SO ORDERED.**

**DATED: May 2, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**